UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| JAMIE ANTHONY MAKUPSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No.: 1:24-CV-129-DCLC-SKL |
| ) | |
| BILL LEE, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

Plaintiff, an inmate in the custody of the Tennessee Department of Correction ("TDOC") incarcerated at the Jefferson County Detention Facility, filed a (1) pro se civil rights action under 42 U.S.C. § 1983 [Doc. 1] and (2) a motion for leave to proceed *in forma pauperis* [Doc. 2]. For the reasons set forth below, the Court will **GRANT** Plaintiff's motion to proceed as a pauper and **ORDER** Plaintiff to file an amended complaint.

**I.    MOTION TO PROCEED *IN FORMA PAUPERIS***

It appears from Plaintiff's motion to proceed *in forma pauperis* [Doc. 2] and supporting documents [Doc. 7] that he lacks the financial resources to pay the filing fee in advance. Accordingly, pursuant to 28 U.S.C. § 1915, this motion [Doc. 2] is **GRANTED**.

Plaintiff is **ASSESSED** the civil filing fee of $350.00.  28 U.S.C. §1914(a).  The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit to the Clerk, U.S. District Court, 900 Georgia Avenue, Suite 309, Chattanooga, Tennessee 37402, twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to his trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee has been paid to the Clerk.  28 U.S.C. § 1915(b)(2).

To ensure compliance with this fee-collection procedure, the Clerk will be **DIRECTED** to mail a copy of this Memorandum and Order to the custodian of inmate accounts at the institution where Plaintiff is now confined. The Clerk will also be **DIRECTED** to furnish a copy of this Memorandum and Order to the Court's financial deputy. This Memorandum and Order shall be placed in Plaintiff's prison file and follow him if he is transferred to another correctional institution.

## II.   SCREENING OF COMPLAINT

### A.   Screening Standard

Under the Prison Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)" of the Federal Rules of Civil Procedure. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Allegations that give rise to a mere possibility that a plaintiff might later establish undisclosed facts supporting recovery are not well-pled and do not state a plausible claim. *Twombly*, 550 U.S. at 555, 570. Further, formulaic and conclusory recitations of the elements of a claim which are not supported by specific facts are insufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 681. However, courts should liberally construe pro se pleadings filed in

civil rights cases and hold them to a less stringent standard than "formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

B.     **Plaintiff's Allegations**

Upon Plaintiff's release from the Jefferson County Detention Facility in February 2023, he discovered that Defendant Sgt. Gabbert had taken six gold necklaces from Plaintiff's inventoried property [Doc. 1 p. 3-4]. In March 2023, Plaintiff's personal property was taken at the Knox County Detention Facility [*Id*. at 4].

Plaintiff complains of several conditions of confinement, presumably at the Jefferson County Detention Facility. Specifically, Plaintiff states he is only allowed one hour out of his cell every day, his caloric intake is insufficient, and Muslims are not given the same opportunity for religious observance as Christians [*Id.*].

In August of an unknown year, Plaintiff was tased repeatedly by two officers [*Id*.]. And on March 2, 2024, Plaintiff was sodomized and raped [*Id*.]. He was not given medical treatment afterward [*Id*. at 4-5]. Plaintiff and an officer attempted to make a Prison Rape Elimination Act ("PREA") complaint about the event, but "[t]he phones were being blocked by E.E.G." [*Id*. at 5].

In December 2022, Sarah Jen Threkkel took Plaintiff's ring off his finger while standing over him with a brick [*Id*.]. Plaintiff was arrested by the Knoxville County Police Department for trespassing in December of an unknown year and, and some of personal property was not inventoried [*Id*.]. Plaintiff went back to the police department on three different occasions to obtain his property, and the third time, a police officer stole his coat [*Id*.].

On another occasion, "an official wearing a cloak" snatched $5 out of Plaintiff's hand in front of the bus station [*Id*.]. Every phone Plaintiff possessed in Knoxville "was blocked by E.E.G. and stolen by [g]overnment [o]fficials wearing the cloak" [*Id*. at 6]. As a result, Plaintiff did not

3

have access to his grandchildren for approximately two years, and he only spoke to his son a few times in the same time period [*Id.*].

Aggrieved, Plaintiff filed this lawsuit seeking an order (1) relieving Defendants of their duties; (2) banning the "E.E.G.'s [] Army cloak"; (3) awarding Plaintiff $20 million; and (4) subpoenaing the E.E.G. "to see the truth" [*Id.* at 7].

C.  Analysis

Plaintiff's complaint contains several misjoined claims, and thus, the Court cannot screen his complaint to determine which claims, if any, are justiciable. Specifically, while a plaintiff may join as many claims as he has against an opposing party under Rule 18(a) of the Federal Rules of Civil Procedure, Rule 20(a)(2) allows a plaintiff to sue multiple defendants only where "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). Therefore, Rule 20 does not permit a plaintiff to join unrelated claims against different defendants in one lawsuit. *See, e.g., George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("A buckshot complaint that would be rejected if filed by a free person—say, a suit complaining that A defrauded the plaintiff, B defamed him, C punched him, D failed to pay a debt, and E infringed his copyright, all in different transactions—should be rejected if filed by a prisoner."); *Smith v. Lavender*, No. 2:22-CV-1875, 2022 WL 4121929, at *6 (S.D. Ohio, Sept. 9, 2022) (severing unrelated claims a prisoner filed in the same complaint against different defendants) (citations omitted); *White v. Newcomb*, 2022 WL 2763305, at *4-5 (W.D. Mich. July 15, 2022) (providing that a plaintiff cannot join claims against multiple defendants in one lawsuit "'unless one claim against each additional defendant is transactionally related to the claim against the first defendant

4

and involves a common question of law or fact'" (quoting *Proctor v Applegate*, 661 F. Supp. 2d 743, 778 (E.D. Mich. 2009) and collecting cases standing for the proposition that prisoners cannot join unrelated claims against different defendants in a single lawsuit)).

As filed, Plaintiff's lawsuit complains of events occurring from 2022 through the present at two different detention facilities, in addition to claims regarding events that occurred while Plaintiff was not incarcerated [*See generally* Doc. 1]. But the Court assumes that Plaintiff's incarceration at the Jefferson County Detention Facility, and any claims he has related to that detention, are the core of this lawsuit. Therefore, all claims and Defendants related to Plaintiff's detention in the Knox County Detention Facility/Jail, any action taken by the Knoxville County Police Department, the alleged robbery by Sarah Threkkel, Plaintiff's October arrest for trespassing, and/or the use of E.E.G. to block Plaintiff's phones in Knoxville are improperly joined in this action.

Accordingly, Plaintiff is **ORDERED** to file an amended complaint by May 16, 2024, with a short and plain statement of facts setting forth (1) exactly what happened at the Jefferson County Detention Facility that violated Plaintiff's rights, (2) when (month, day, and year) the alleged violation(s) occurred, and (3) the specific individual(s) responsible for the violation alleged. The Clerk will be **DIRECTED** to mail Plaintiff a § 1983 form for this purpose.

Plaintiff is **NOTIFIED** that if his amended complaint includes claims that are not properly joined under Rule 20(a)(2) and Rule 18(a), the Court will presume that he intends to proceed as to his first listed claim, and the Court will **DISMISS** any other misjoined claims without prejudice.

Plaintiff is **NOTIFIED** that the Court will only address the merits of Plaintiff's claims that relate to his original complaint. Accordingly, Plaintiff **SHALL NOT** attempt to set forth in his amended complaint any additional claims that do not relate to his original complaint, and he is

5

advised that any such claims will be **DISMISSED**. Further, Plaintiff is **NOTIFIED** that this amended complaint will be the sole operative complaint that the Court considers, and therefore, it **must** be complete in and of itself and must not refer to any previously filed allegations or pleadings.

Plaintiff is **NOTIFIED** that if he does not file an amended complaint by the deadline, the Court will **DISMISS** his complaint for failure to prosecute and comply with an order of the Court.

### III. CONCLUSION

For the reasons set forth above:

1. Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 2] is **GRANTED**;

2. The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit the filing fee to the Clerk in the manner set forth above;

3. The Clerk is **DIRECTED** to mail a copy of this Memorandum and Order to the custodian of inmate accounts at the institution where Plaintiff is now confined and to the Court's financial deputy;

4. On or before May 16, 2024, Plaintiff must file an amended complaint in accordance with the directives above. The Clerk is **DIRECTED** to send Plaintiff a § 1983 form for this purpose;

5. If Plaintiff fails to timely submit an amended complaint, this action will be dismissed for failure to prosecute and comply with an Order of the Court; and

6. Plaintiff must immediately inform the Court and Defendants or their counsel of record of any address changes in writing. Pursuant to Local Rule 83.13, it is the duty of a pro se party to promptly notify the Clerk and the other parties to the proceedings of any change in his address, to monitor the progress of the case, and to prosecute or defend the action diligently. E.D. Tenn. L.R. 83.13. Failure to provide a correct address to this Court within fourteen (14) days of any change in address may result in the dismissal of this action.

**SO ORDERED**.

**ENTER:**

s/Clifton L. Corker
United States District Judge