UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

JAMIE ANTHONY MAKUPSON,            )
                                    )
            Plaintiff,              )
                                    )
v.                                  )    No.:    1:24-CV-129-DCLC-SKL
                                    )
BILL LEE, et al.,                   )
                                    )
            Defendants.             )

# MEMORANDUM AND ORDER

Plaintiff, an inmate in the custody of the Tennessee Department of Correction ("TDOC") incarcerated at the Jefferson County Detention Facility, is proceeding pro se and *in forma pauperis* in a civil rights action under 42 U.S.C. § 1983 [Doc. 8]. Plaintiff's amended complaint is before the Court for screening in compliance with the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e) and 1915A. For the reasons set forth below, the Court will **DISMISS** this action.

## I.    PLRA SCREENING STANDARD

Under the PLRA, district courts must screen prisoner complaints and *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)" of the Federal Rules of Civil Procedure. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Allegations that give rise to a mere possibility that a plaintiff might later establish undisclosed facts supporting recovery are not well-pled and do not state a plausible claim. *Twombly*, 550 U.S. at 555, 570. Further, formulaic and conclusory recitations of the elements of a claim which are not supported by specific facts are insufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 681. However, courts should liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than "formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

A claim under 42 U.S.C. § 1983 requires a plaintiff to establish that a person acting under color of state law deprived him a federal right. 42 U.S.C. § 1983.

## II. ALLEGATIONS OF AMENDED COMPLAINT

Plaintiff was asleep in his cell at the Jefferson County Detention Facility in the early morning hours of March 2, 2024, when he "felt a sharp pain enter [his] anus" [Doc. 9 p. 3-4]. Plaintiff sat up and heard someone speak, but no one was in the cell, except for his sleeping cellmate [*Id*. at 4]. Plaintiff "knew from working with Elon Musk that the Army cloaks and personnal [sic] of such operative devices had sodomized [him]" [*Id*.]. And he is being tortured through use of the "electro Exoforlagagy [sic]Device[1]" and "the Pro Bar" [*Id*.].

Additionally, he contends the conditions of confinement at the facility are insufficient. Plaintiff is only allowed out of his cell for one hour per day, and "more than once" he has not even been let out of his cell for that one hour [*Id*.]. There is no recreation [*Id*.]. There is "no Iman" or "Muslim coordinated program" at the facility [*Id*.]. The food is "never a proper temperature" and does not meet the inmates' caloric needs, as the last meal is served at 2:00 p.m. and inmates receive

---

[1] Ostensibly, Plaintiff is referring to "electroencephalography[,]" which is a "technique for recording and interpreting the electrical activity of the brain." *See* Britannica, *electroencephalography*, https://www.britannica.com/science/electroencephalography (last visited May 8, 2024).

only a sandwich at approximately 7:00 p.m. in the evenings [*Id.*]. "There is no 5 nor 10 minute phone call weekly" [*Id.*]. And the indigent kit given to inmates each week lacks two sheets of writing paper and a bar of soap [*Id.*]. Also, Plaintiff is threatened daily, called racial slurs, and shocked by the person(s) "controlling the Pro Bar machine" [*Id.*]

Aggrieved, Plaintiff filed the instant suit asking the Court to award him $20 million in damages, fire the responsible personnel, ban "the Pro Bar and Army Cloaks[,]" and subpoena the Pro Bar and video footage [*Id.* at 5].

### III. ANALYSIS

#### A. Named Defendants

Plaintiff has named Governor Bill Lee, Mayor Glenn Jacobs, Chief Oates, Sheriff Clevenger, and the Jefferson County Detention Facility as Defendants in this action. But to state a claim against the named Defendants in their respective individual capacities, Plaintiff must adequately plead that each Defendant, through his or her own actions, has violated the Constitution. *Iqbal*, 556 U.S. at 676; *see also Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (providing that "a complaint must allege that the defendants were personally involved in the alleged deprivation of federal rights" to state a claim upon which relief may be granted). This requirement exists because constitutional liability cannot attach to a Defendant solely based on his or her position of authority. *See Iqbal*, 556 U.S. at 676 ("[O]ur precedents establish . . . that Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*."); *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978) (finding that liability under § 1983 may not be imposed merely because a defendant "employs a tortfeasor"). Plaintiff's amended complaint contains no factual allegations against any of the

individually named Defendants. Therefore, Plaintiff has failed to state a cognizable § 1983 claim against Defendants Lee, Jacobs, Oates, and Clevenger, and they will be **DISMISSED**.

Further, the Jefferson County Detention Facility is a building, not a "person" for purposes of § 1983. *Cage v. Kent County Corr. Facility*, No. 96-1167, 1997 WL 225647, at *1 (6th Cir. May 1, 1997) (stating that "[t]he district court also properly found that the jail facility named as a defendant was not an entity subject to suit under § 1983"). Accordingly, the Jefferson County Detention Facility will be **DISMISSED**.[2]

### B. Frivolous Allegations

A claim is properly dismissed as factually frivolous if "the facts alleged rise to the level of the irrational or wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992). Plaintiff's claims that he was sodomized, tortured, threatened, shocked, and/or spoken to using covert military devices fall into this category, as his claims are based on "fantastic or delusional scenarios." *Abner v. SBC (Ameritech)*, 86 F. App'x 958, 958 (6th Cir. 2004) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989)). Accordingly, these claims are **DISMISSED** as frivolous.

### C. Threats and Slurs

To the extent Plaintiff's amended complaint may be construed to assert non-frivolous claims that he is exposed to harassment, threats, and racial slurs, the Court notes that the use of threats and/or disparaging language toward Plaintiff does not raise a constitutional issue. *Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir. 1987) (finding verbal abuse and harassment do not constitute "punishment" in the constitutional sense or otherwise raise a constitutional issue); *Faulkner v.*

---

[2] And as Plaintiff does not allege that policies and/or customs at the jail caused violations of his constitutional rights, the Court will not construe those claims as against Jefferson County. *Monell*, 436 U.S. at 708 (Powell, J., concurring) (explaining a municipality can only be held liable for harms that result from a constitutional violation when that underlying violation resulted from "implementation of [its] official policies or established customs").

4

*Davidson Cnty. Sheriff's Off.*, No. 3:14-MC-00740, 2014 WL 3723205, at *2 (M.D. Tenn. July 24, 2014) ("Allegations of threats and verbal abuse do not state cognizable claims under § 1983." (citing *Williams v. Gobies,* 211 F.3d 1271, 2000 WL 571936, at *1 (6th Cir. May 1, 2000))). Therefore, these claims will be **DISMISSED**.

    D.    **Conditions of Confinement**

The majority of Plaintiff's claims concern the conditions under which he is incarcerated [*See generally* Doc. 9]. It is well settled that "the Constitution does not mandate comfortable prisons." *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981). Instead, "[r]outine discomfort is 'part of the penalty that criminal offenders pay for their offenses against society.'" *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (quoting *Rhodes*, 452 U.S. at 347). Thus, only "extreme deprivations" that deny a prisoner "the minimal civilized measure of life's necessities" violate a prisoner's rights under the Eighth Amendment. *Id.* at 9 (citations and quotation marks omitted). In examining such claims, the court must determine whether the risk of which the plaintiff complains is "so grave that it violates contemporary standards of decency to expose *anyone* unwillingly to such a risk. In other words, the prisoner must show that the risk of which he complains is not one that today's society chooses to tolerate." *Helling v. McKinney*, 509 U.S. 25, 36 (1993); *see also Rhodes*, 452 U.S. at 347.

Under this standard, the Court finds that none of Plaintiff's claims are supported by facts from which the Court could plausibly infer that the conditions he faces at the Jefferson County Detention Facility have deprived him of "the minimal civilized measure of life's necessities." *Hudson*, 503 U.S. at 9. First, Plaintiff's claim that he is confined to his cell for twenty-three hours per day "does not rise to the level of a constitutional magnitude." *Argue v. Hofmeyer*, 80 F. App'x

427, 429 (6th Cir. 2003) (finding 23/1 "confinement does not impose an atypical and significant hardship" (citing *Sandin v. Conner*, 515 U.S. 472, 484-86 (1995))).

Second, Plaintiff's blanket claim that he has "no recreation" is insufficient to state a claim, as Plaintiff has not pled that he lacks access to sufficient exercise to maintain reasonably good physical and mental health. *See Rodgers v. Jabe*, 43 F.3d 1082, 1086 (6th Cir. 1995) (holding that "'a total or near-total deprivation of exercise or recreational opportunity, without penological justification,'" impinges on an inmate's Eighth Amendment right, because "'[i]nmates require regular exercise to maintain reasonably good physical and psychological health.'" (quoting *Patterson v. Mintzes*, 717 F.2d 284, 289 (6th Cir. 1983))).

Third, Plaintiff has not alleged that the absence of a "Muslim coordinated program" has prevented him from exercising his faith so as to violate his right to religious freedom and state a viable claim for relief. *See Cruz v. Beto*, 405 U.S. 319, 322 n.2 (1972).

Fourth, while Plaintiff complains that the food he is served is the wrong temperature and is not sufficiently caloric, these allegations fail to state a claim, as Plaintiff does not allege any facts suggesting that the food is inadequate to sustain his good health. *Cunningham v. Jones*, 567 F.2d 653, 659-60 (6th Cir. 1977) (providing that where a prisoner's diet is sufficient to sustain the prisoner's good health, no constitutional right has been violated); *see also Dean v. Campbell*, No. 97-5955, 1998 WL 466137, at *2 (6th Cir. July 30, 1998) (holding that allegation of cold meals for a short period of time "fail[ed] to allege facts showing that [prisoner] was subjected to the type of extreme deprivations which are necessary for an Eighth Amendment conditions of confinement claim").

Fifth, Plaintiff's complaint that "[t]here is no 5 nor 10 minute phone call weekly" fails to state a claim under § 1983, as he fails to allege any facts suggesting he has no means of

6

Case 1:24-cv-00129-DCLC-SKL   Document 10   Filed 05/10/24   Page 6 of 8   PageID #: 45

communicating with the outside world. That is, the First Amendment protects Plaintiff's right to communicate with the outside world, but it does not provide him with a per se right to a telephone to do so. *See Miles v. Scanlon*, No. 1:21-CV-74, 2021 WL 1809834, at *5 (W.D. Mich. May 6, 2021) (holding prisoners "do not have a constitutional right to a particular form of communication" under the First Amendment); *see also United States v. Footman*, 215 F.3d 145, 155 (1st Cir. 2000) ("Prisoners have no per se constitutional right to use a telephone[.]").

Finally, Plaintiff's claim that the weekly indigent kit is not "proper" fails to state a § 1983 claim, as Plaintiff has not alleged that the absence of two sheets of paper has prevented him from accessing the courts or communicating with the outside world, nor has he alleged that he has gone without access to soap. And even if Plaintiff has been without soap on occasion, the Sixth Circuit "has concluded that deprivation of a shower and other personal hygiene items for a 'brief span of time' . . . is not actionable conduct." *Richmond v. Settles*, 450 F. App'x 448, 455 (6th Cir. 2011) (quoting *Siller v. Dean*, 205 F.3d 1341 (6th Cir. Feb. 1, 2000); *Moore v. Chavez*, 36 F. App'x 169, 171 (6th Cir. 2002) (finding inmate who failed to allege "extreme discomfort" or complete denial of "basic elements of hygiene" did not state Eighth Amendment claim)).

Therefore, none of Plaintiff's conditions-of-confinement allegations state a claim upon which § 1983 relief may be granted, and they will be **DISMISSED**.

## IV. CONCLUSION

For the reasons set forth above:

1. Even liberally construing Plaintiff's complaint, some of his claims are frivolous, and the remainder fail to state a claim upon which relief may be granted under § 1983;

2. This action is **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; and

3. The Court **CERTIFIES** that any appeal from this action would not be taken in good

faith and would be totally frivolous.  *See* Rule 24 of the Federal Rules of Appellate Procedure.

**SO ORDERED**.

**ENTER:**

                                                  s/Clifton L. Corker
                                                  United States District Judge